

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-223-CV

ANNA HARRIS                                                          APPELLANT

V.

GRAPEVINE IMPORTS, LTD. D/B/A                                          APPELLEE
TEXAS TOYOTA OF GRAPEVINE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Anna Harris attempts to appeal from the trial court's interlocutory order staying proceedings and compelling arbitration. On May 30, 2008, we sent Harris a letter stating our concern that we may have no jurisdiction over this appeal because the order does not appear to be a final appealable order or judgment, nor does it appear to be an appealable

---

[1] *See* TEX. R. APP. P. 47.4.

interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.04(a) (Vernon Supp. 2007) (listing appealable interlocutory orders), § 171.098(a)(1) (Vernon 2005) (allowing interlocutory appeals to be taken from orders *denying* an application to compel arbitration), § 171.098(a)(2) (allowing interlocutory appeals to be taken from orders granting an application to stay arbitration); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (providing general rule that an appeal may be taken only from a final judgment ). We indicated that this court would dismiss this appeal if we did not receive a response showing grounds for continuing the appeal by June 9, 2008. Harris filed a response on June 9, 2008, but it erroneously stated that civil practice and remedies code section 171.098(a)(1) allows an interlocutory appeal of an order "*granting* an application to compel" arbitration. [Emphasis added.] Harris also seemed to argue that it was unclear whether the arbitration is governed by Texas law or federal law. To the extent the arbitration is governed by federal law, filing a petition for writ of mandamus is the proper procedure to resolve disputes governed by the federal arbitration act. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). Thus, an interlocutory appeal of the order is not authorized, regardless of whether the arbitration is governed by state or federal law.

Accordingly, because the order is neither a final judgment nor an appealable interlocutory order, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).


PER CURIAM

PANEL D:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  June 26, 2008